## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jean Grover, | Civil No. 09-3282 (SRN/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Smarte Carte, Inc., a Minnesota corporation, | |
| Defendants. | |

Dorene R. Sarnoski, Dorene R. Sarnoski Law Office, 333 Washington Avenue North, 402 union Plaza, Minneapolis, Minnesota 55401, for Plaintiff.

Kurt J. Erickson and Nora R. Kaitfors, Jackson Lewis LLP, 225 South Sixth Street, Suite 3850, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Smarte Carte, Inc.'s request for leave to move for reconsideration of this Court's Order of December 22, 2011 [Doc. No. 33]. In that Order, the Court denied Defendant's Motion for Summary Judgment.

Defendant now requests reconsideration pursuant to Local Rule 7.1(h).  [Doc. No. 35.]  "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances."  D. Minn. LR 7.1(h).  Such motions are "'dimly view[ed].'"  Gardner v. First Am. Title Ins. Co., 218

F.R.D. 216, 218 (D. Minn. 2003) (quoting Transclean Corp. v. Bridgewood Servs., Inc., 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001)).

Defendant contends that the Court improperly applied the statute of limitations to Plaintiff's Title VII claim and did not adequately explain its ruling as to the limitations period applicable to Plaintiff's Equal Pay Act ("EPA") claim.  Defendant's contentions are not well founded.  [See Doc. No. 33 at 20-22.]  To the extent Defendant bases its present request on the theory that Plaintiff's Title VII claim is time barred absent the application of the continuing violation theory, Defendant is incorrect.  Plaintiff's claim is timely irrespective of the application of that theory.  Although the timing of the events in question may limit the damages Plaintiff may ultimately receive, the claim itself is timely.

Defendant also contends that the Court erred in determining that Arthur Spring is a proper comparator for purposes of Plaintiff's EPA claim.  The Court finds no compelling basis for concluding that any such error was made.

After reviewing Defendant's request, Plaintiff's opposition, Defendant's supplemental letter, and the Order at issue, the Court denies the request for permission to file a motion for reconsideration.  Defendant has not demonstrated the requisite compelling circumstances.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Smarte Carte, Inc.'s request for permission to file a motion for

reconsideration [Doc. No. 35] is **DENIED**.

Dated:   January 11, 2012                                     s/Susan Richard Nelson
                                                              SUSAN RICHARD NELSON
                                                              United States District Judge